## Spry v. Sleppy.

1. CLAIM RIGHT: CONSIDERATION. The transfer of a " claim right" made and held in good faith, between the time of marking and defining its boundaries and making what are styled "improvements," is a sufficient consideration to sustain a promise.

*Appeal from Polk District Court.*

Monday, December 21.

THIS cause was referred to a referee, who found and reported the following facts:

1. In October, 1849, plaintiff sold to defendant a " claim " on the public lands belonging to the United States.

2. There were no improvements on said " claim," but the boundaries were defined by staking around the same.

3. Some ten days before the sale, plaintiff finished marking out his boundaries, and on the same day had his claim recorded " according to the custom or law of the neighborhood, for making claims on government lands."

4. At the time of the sale, plaintiff delivered to defendant a " claim " or quit-claim deed, and defendant, for said claim, paid $25 in money and executed the note in suit for the balance.

5. Before the note matured, defendant demanded the same and the $25, alleging that plaintiff had no right to the " claim" when he sold it, and that there was no consideration for the note.

6. Defendant had been in the country where the " claim " was situated, but a few days before the sale. Plaintiff

represented that he had a good right to said "claim," but did not pretend that he had any other than a mere "claim" title.

7. Defendant took possession under the purchase, entered the land included therein, and held it unmolested until he sold it; a part being entered in 1850 and the balance in 1853

Upon these facts the referee determined that the note was given for a good and valid consideration, and the plaintiff was entitled to recover. In the District Court this finding was confirmed, and defendant appeals.

*E. J. Ingersoll* and *C. C. Cole* for the appellant, cited *Hill v. Smith et al.*, Morris, 70; *Freeman v. Holliday*, Id., 80; *Zickafosse v. Hulick*, Id., 175; *Wilson v. Webster*, Id., 312; *Starr et al. v. Wilson*, Id., 438; *Pierson v. David et al.*, 1 Iowa, 23; Rev. Stat., 457; *Brandt v. Foster et al.*, 5 Iowa, 291; *Arbour v. Nettles*, 12 La. An., 217; *Fisher v. Salmon*, 1 Calif., 413.

*Casady & Polk* for the appellee.

I. The note in suit was given for a quit-claim deed to certain lands. The defendant received no covenants, and it is not pretended that any fraud was practised upon him. Rawle Cov. Tit., 607; *Brandt v. Foster et al.*, 5 Iowa, 291; *Wilson v. Webster*, Morris, 312.

II. The staking out of a claim is an improvement.

III. The staking out of the claim was a sufficient consideration to sustain the note.

WRIGHT, J.—Not without much doubt upon the part of one member of the Court, we conclude that this judgment should be affirmed. Except to the immediate parties in this case, the question involved, in view of the present condition and settlement of our State, is of but little practical importance. We, therefore, without entering at length

into its discussion, shall state generally the grounds upon which we base the decision.

We find nothing in the cases cited by counsel from our earlier reports, justifying the conclusion that a party who has sold a "claim" right, made and held in good faith, between the time of marking out and defining its boundaries and the making of what are styled "improvements," may not recover for the same. In other words, while the law and cases speak of "improvements," and while the cases uniformly hold that "improvements" upon the public lands furnish a valid consideration for a promise, they do not sustain the proposition that a "claim" held and transferred, and afterwards enjoyed as this one was, would not have a like value in any contract made for its purchase. Ordinarily, we know that in the absence of fraud, if a party acquires anything by his purchase, or if, in consequence of the contract, the promisor has derived a benefit, or the payee suffered a detriment, there is a sufficient consideration. And, therefore, as it appears that plaintiff had marked or staked out his "claim" in good faith, and in like manner had the same recorded according to the custom of the neighborhood; that he surrendered the possession to defendant, who took and held the same, until he entered the land; we think there was, within the meaning of the law, work done thereon by plaintiff, and benefits accruing to defendant, which were sufficient to sustain the promise. It does not appear to have been a mere barren claim, without right, but one made, held and recognized by the local law, a custom sanctioned by statute. Laws of 1843, p. 457. And as defendant obtained and enjoyed all that was sold him under a contract not, as far as we know, in contravention of any statute, we think he should pay for it.

Affirmed.